900 F.2d 263
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Randall L. JANSEN, Defendant-Appellant.
 No. 89-10270.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1990.*
Decided April 17, 1990.
 Appeal from the United States District Court for the District of Hawaii; Harold M. Fong, Chief District Judge, Presiding.
 D.Hawaii, 714 F.Supp. 428.
 REVERSED.
 Before WALLACE, ALARCON and LEAVY, Circuit Judges.
 
 MEMORANDUM
 
 1
 Jansen appeals from his conviction for a vehicular speeding offense on a federal military installation in violation of Haw.Rev.Stat. Sec. 291C-102 (1988), a state violation purportedly made federal pursuant to the Assimilative Crimes Act (Act), 18 U.S.C. Sec. 13. He contends that federal courts do not have jurisdiction under the Act to adjudicate speeding offenses that occur within federal enclaves in Hawaii. We agree and reverse.
 
 
 2
 We need not engage in any extensive analysis to reach our holding. The facts of this case are almost identical to the facts in our recent decision in United States v. Carlson, No. 89-10226, slip op. 3375 (9th Cir. Apr. 3, 1990) (Carlson). The only difference between the two cases is that Carlson was fined $11.00 for his speeding violation while Jansen was fined $21.00. Thus, what we said in Carlson is equally true here. Our governing precedent is clear: the Act "incorporates into federal law only the criminal laws of the jurisdiction within which the enclave exists." United States v. Best, 573 F.2d 1095, 1098 (9th Cir.1978) (Best) (emphasis in original). Since the violation of Hawaii's speeding statute, Haw.Rev.Stat. Sec. 291C-102 (1988), is plainly not a criminal offense, Carlson, slip op. at 3379, we may not assimilate that law under the Act. Best, 573 F.2d at 1098. Therefore, we conclude that the magistrate lacked jurisdiction under the Act. Carlson, slip op. at 3382.
 
 
 3
 Moreover, as was the case in Carlson, because the government did not raise in the trial court the issue of whether Jansen could be prosecuted under 32 C.F.R. Sec. 634.4(c)(4) (1989), the applicability of that regulation is not properly before us. Carlson, slip op. at 3382-83.
 
 
 4
 REVERSED.
 
 
 5
 Note: This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4